**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 09 2014, 6:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**TRISHA S. DUDLO**
**KELLY A. LONNBERG**
Bamberger Foreman Oswald and Hahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE: THE VISITATION OF H.B., ) | |
| ) | |
| A.B., ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 87A01-1309-MI-415 |
| ) | |
| T.S. and A.S., ) | |
| ) | |
| Appellees-Petitioners. ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Robert R. Aylsworth, Judge
Cause No. 87D02-1307-MI-854

**May 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

A.B. ("Father") appeals the trial court's grant of grandparent visitation to T.S. and A.S. ("Grandparents"). We remand.

**Issue**

Father raises two issues, but we find one issue dispositive. We restate that issue as whether the trial court's findings of fact and conclusions thereon are adequate to support the grandparent visitation order.

**Facts**

H.B. was born in June 2008 to Father and K.M. ("Mother"). Father and Mother were not married. Mother and H.B. have occasionally lived with her parents, Grandparents. Although Mother initially had custody of H.B., an Illinois court modified that custody in March 2012 due to Mother's alcohol abuse and instability. Father was awarded sole custody of H.B., and Mother was awarded visitation. In August 2012, Mother's visitation was modified to visitation on the first, second, and third Sundays of each month from 3:00 p.m. to 5:00 p.m. at a restaurant with visitation to be supervised by Father or his parents. Grandparents visited with H.B. once a month during Mother's supervised visitation. Grandparents also attended H.B.'s sporting events, and Father allowed H.B. to attend a picnic and a birthday party with Grandparents.

In July 2013, Grandparents filed a petition for grandparent visitation pursuant to Indiana Code Chapter 31-17-5. After a hearing, the trial court granted Grandparents' request. The trial court entered the following findings of fact and conclusions thereon:

1. Upon review of the Illinois parenting time order with regard to H.B. and the Mother, it is clear to the Court that H.B. is where she needs to be. The Father has reasonable concerns with regard to the mother's history, and her parenting time is currently supervised. No order in this cause, now or in the future, should be interpreted as interfering with or modifying in any way the Mother's parenting time order in the Illinois paternity action.

2. The Grandparent Petitioners' relationship with H.B. has been close since birth, and until custody was changed to the Father.

3. The relationship between the Grandparents and the Father is not hostile, but likewise not comfortable.

4. The Grandparents' petition for grandparent time is granted. The Grandparents shall have one weekend per month beginning the second Friday of September 2013 and continuing each second Friday of the month hereafter. The Grandparents shall pick the child up from the Father's residence at 6:00 p.m. and return the child at 3:00 p.m. on Sunday of their weekend either to the Father's residence or the location of the Mother's supervised parenting time if she is exercising her parenting time at that time.

5. In addition, the Grandparents shall be entitled to two (2) overnights during the time period of December 26 through December 31 of each year. At that time she can celebrate Christmas with her grandparents and extended family on the Mother's side.

6. Finally, the Grandparents shall be entitled to five (5) days of extended grandparent time each summer. The parties shall work together to coordinate the summer parenting time. The Grandparents shall give notice of their choice of summer schedule by April 1 each year if possible.

7. The Grandparents shall be entitled to a telephone call with H.B. at least one time per week.

8. The Grandparents shall allow no additional contact between the child and the Mother so long as the Mother is subject to her current supervised and limited parenting time.

9. The parties shall use good faith and fair dealing with each other. Neither party shall argue, criticize or speak negatively of the other party in the child's presence.

10. The parties shall cooperate reasonably when a change in grandparent time is needed due to conflicts in the parties' schedules.

Appellant's App. pp. 81-83. Father now appeals.

## Analysis

Father argues that the trial court's findings are inadequate to support the grandparent visitation order. The "Grandparent Visitation Act contemplates only occasional, temporary visitation that does not substantially infringe on a parent's fundamental right to control the upbringing, education, and religious training of their children." In re Visitation of M.L.B., 983 N.E.2d 583, 586 (Ind. 2013). "Because the Grandparent Visitation Act requires specific findings of fact and conclusions of law, Ind. Code § 31-17-5-6, we apply the two-tiered Indiana Trial Rule 52 standard of review." Id. at 585. We first determine whether the evidence supports the findings and then whether the findings support the judgment. Id. We set aside findings of fact only if they are clearly erroneous, and we defer to the trial court's superior opportunity to judge the credibility of the witnesses. Id. A judgment is clearly erroneous when the findings fail to support the judgment or when the trial court applies the wrong legal standard to properly found facts. Id.

4

Our supreme court recently discussed the four factors that a grandparent visitation order should address, which include:

> (1) a presumption that a fit parent's decision about grandparent visitation is in the child's best interests (thus placing the burden of proof on the petitioning grandparents);
>
> (2) the "special weight" that must therefore be given to a fit parent's decision regarding nonparental visitation (thus establishing a heightened standard of proof by which a grandparent must rebut the presumption);
>
> (3) "some weight" given to whether a parent has agreed to some visitation or denied it entirely (since a denial means the very existence of a child-grandparent relationship is at stake, while the question otherwise is merely how much visitation is appropriate); and
>
> (4) whether the petitioning grandparent has established that visitation is in the child's best interests.

Id. at 586 (quoting McCune v. Frey, 783 N.E.2d 752, 757-59 (Ind. Ct. App. 2003), and discussing Troxel v. Granville, 530 U.S. 57, 120 S. Ct. 2054 (2000)). The court noted that a grandparent visitation order "must address" these factors in its findings and conclusions. Id. (citing K.I. ex rel. J.I. v. J.H., 903 N.E.2d 453, 462 (Ind. 2009)).

Here, the trial court's findings only note that Father has reasonable concerns regarding Mother, that Grandparents previously had a close relationship with H.B., and that the relationship between Father and Grandparents is not hostile but is also not comfortable. Despite Grandparents' strained interpretation to the contrary, we conclude that the trial court's findings do not expressly or implicitly address the presumption that Father's decision was in H.B.'s best interests, the heightened standard of proof by which

Grandparents must rebut that presumption, the fact that Father has allowed some visitation between H.B. and Grandparents, and whether Grandparents demonstrated that visitation was in H.B.'s best interests.

"[W]hen a trial court fails to issue specific findings in accordance with McCune, the order is voidable, and the remedy on appeal is a remand to the trial court instructing it to enter a proper order containing the required findings." Id. at 588 (quoting In re Guardianship of A.L.C., 902 N.E.2d 343, 359 (Ind. Ct. App. 2009)). We therefore remand to the trial court for entry of new findings and conclusions revealing its consideration of all four relevant factors, without conducting a new hearing. See, e.g., id. at 589 (remanding for the entry of new findings and conclusions).

**Conclusion**

The trial court's findings and conclusions thereon regarding the relevant factors are incomplete. We remand this case to the trial court for new findings and conclusions as required by M.L.B., without hearing new evidence.

Remanded.

BAKER, J., and CRONE, J., concur.